showing his accounts, and stating that he had commenced proceedings to foreclose a mortgage for part of funds belonging to the three minors, of each of whom he was the guardian, the funds having been invested by him as guardian of all the minors.

A decree was entered by Mr. Surrogate West, in December, 1861, determining the amount due to Sylvanus A. Burtis, who had become of age; and the guardian was directed to proceed with the collection of the mortgage which was then due, and out of the moneys arising therefrom to pay the amount ascertained to be due Sylvanus A. Burtis.

Subsequently, on the petition of Burtis, showing that the guardian had purchased the mortgaged premises at a sale under foreclosure, an order was made requiring the guardian to appear and show cause why he should not pay the amount due to the petitioner.

The guardian, by his return, alleged that he had, in order to save the mortgaged premises from being sacrificed, purchased the same in his own name, as guardian of the three minors, and that he then held them as such guardian.

S. F. COWDREY, *for the Guardian.*

THE SURROGATE.—The minor, Sylvanus A. Burtis, having arrived at age, the guardian had no authority to purchase the mortgaged premises in behalf of his ward. He must, therefore, account to him for the amount realized under the sale of foreclosure.

---

NEW YORK COUNTY—HON. CHARLES P. DALY, ACTING SURROGATE—
December, 1862.

## WORRALL *v.* DRIGGS.

*In the Matter of the Accounting of the Executor of* PHEBE
DRIGGS, *deceased.*

A receiver of the "debts, property, equitable interests," &c., of the executor appointed in proceedings supplementary to an execution, has not such

an interest in the estate of the deceased as entitles him to an accounting by the judgment-debtor, as executor.

The interest of the executor in the assets of the estate is not vested until an accounting is had, so as to be subject to the lien of an execution.

One Penchard recovered a judgment against Chester Driggs, and on the return on the execution unsatisfied, and an examination of the judgment-debtor in supplementary proceedings, Lawrence Worrall was appointed the receiver of "all the debts, property, equitable interests, and things in action" of the judgment-debtor.

The receiver applied to the surrogate to compel said Driggs, the judgment-debtor, to render an account of his proceedings as the executor of the last will and testament of Phebe Driggs, alleging that the executor had never accounted to the surrogate, though over two years had elapsed since the issuing of letters. The receiver sought by this proceeding to ascertain the amount of the executor's commissions already earned, and to appropriate any surplus thereof, after satisfying all prior equities of the estate against the executor.

It was contended, on behalf of the executor, that the receiver had not such an interest in the estate as entitled him to an accounting.

HORATIO F. AVERILL, *for the Receiver.*

I. Even a contingent interest in the estate is sufficient to entitle the party having such interest to an order that the executor or administrator render an account. (1 *Barb. Ch.*, 489.) The receiver, who makes the application, is vested "with the debts, property, equitable interests, and things in action" of the judgment-debtor, without a special assignment. (*People* v. *Hulbut*, 1 *Code R., N. S.*, 75; *Porter* v. *Williams, Id.*, 144; 5 *How. Pr.*, 441; 12 *Id.*, 107; 25 *Barb.*, 662; 5 *Seld.*, 142.)

II. The interest of the executor (to whose rights the receiver here is subrogated) in the assets of the estate is vested, and can be ascertained to a certainty by an accounting. (1.) It is like the claim of a judgment-debtor to a division of the

partnership profits, which claim is a " chose in action," and a lien attaches by supplementary proceedings. (25 *Barb.*, 662; 2 *Kent's Com.*, 437; 4 *Den.*, 80; *Chitty's Eq. Dig., in verba;* 1 *Parsons' Cont.*, 192.) (2.) No hardship will be done to the legatees; the equitable rights of all will be preserved as between the executors and legatees; but if there be a surplus of commissions after satisfying all prior equities of the estate against the executor, the creditor of the executor here should be entitled to the aid of equity to reach the surplus and appropriate it. It would be so in the case of a creditor of a separate partner. (*Eager* v. *Price*, 2 *Paige*, 333.)

JOHN SESSIONS, *for the Executor.*

THE SURROGATE.—I must decide that the receiver has not such an interest in the estate as will entitle him to an accounting by the executor.

The commissions due the executor from the estate not having been ascertained, on a proper accounting, it cannot be said that there is any thing due him from the estate.

---

OSWEGO COUNTY—HON. AMOS G. HULL, SURROGATE—March, 1863.

## SWEET *v.* SWEET.

*In the Matter of the Probate of the last Will and Testament of* CHARLES S. SWEET, *deceased.*

The complete destruction or cancellation of a will, is not necessary to constitute its revocation. A destruction of it, as complete as was in the testator's power in his infirm health, is sufficient; the testator being of a sound mind, and the act being *animo revocandi.*

The testator tore his will into several fragments, which were carefully collected by his wife, and sewed together in such a manner that the instrument was perfectly legible when propounded for probate. The testator was of sound mind, though in infirm health, at the time of the tearing, and expressed satisfaction at its destruction.

*Held*, that there was a valid revocation of the will.

The widow of the deceased, an executrix named in the paper offered for probate, filed her petition, asking to have